## Zerbe *et al. versus* Zerbe *et al.*

Testator's will contained this direction: "First I give and bequeath unto
my son Edward and Peter and my daughter Catharine and Mary my daugh-
ter's children Daniel John Elizabeth and Emma Mull they shal stand in
equal shares that is to say Mary's children shal have the share of their mo-
ther.   Item, my son Daniel and Jarrett and my daughter Sarah and Louisa's
child Edward Hummel they shall have nothing of my estate they have more
now than their shairs would come to.   Last and Also I appoint my son Edward
and John Zimmerman farmer as my executors of this my last will and testa-
ment and they shall have a right to sell the property and make it into money
when they think fit to do so or when it will bring the most money." *Held*,
that this will carried all the real and personal estate of the testator to those
mentioned in the first clause, and that the word " estate" belonged to the
first clause of the will as well as the second, and that the word "shares" in
the first clause corresponds to the same word in the last clause, and both
refer to the same estate.

March 17th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR,
GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Common Pleas of *Schuylkill county* : Of January
Term 1877, No. 99.

Ejectment by Daniel Zerbe and others against Edward Zerbe and
others.

The plaintiffs claimed as the heirs at law of Daniel Zerbe,
deceased, who died seised of the tracts of land in dispute and pos-
sessed of personal property to the amount of $2150.28, as shown by
an inventory filed in the office of the register.

The defendants claimed under the following will of Daniel Zerbe,
deceased, which had been duly admitted to probate :—

" I, Daniel Zerbe considering the uncertainty of this mortal life
and being of sound mind and memory do make and publish this
my last will and testament in manner and form following that is
to say First I give and bequeath unto my son Edward and Peter
and my daughter Catharine and Mary my daughter's children,
Daniel John Elizabeth and Emma Mull they *shal* stand in equal
shares that is to say Mary's children *shal* have the share of their
mother.   Item, my son Daniel and Jarrett and my daughter Sarah
and Louisa's child Edward Hummel they *shal* have nothing of my
estate they have more now than their *shairs* would come to.   Last
and Also I appoint my son Edward and John Zimmerman farmer

[Zerbe *v.* Zerbe.]

as my executors of this my last will and testament and they shall have a right to sell the property and make it into money when they think fit to do so or when it will bring the most money.

"In witness whereof I have hereunto set my hand and seal this tenth day of January, in the year of our Lord one thousand eight hundred and seventy-three.

"The above instrument consisting of one sheat was now here subscribed by Daniel Zerbe, the testator, in the presence of each of us and was at the time declaired by him to be his last will and testament and we at his request sign our names hereto as attesting witnesses.

DANIEL ZERBE [SEAL]."

JACOB JONES, residing at Silliman P. O.
WILLIAM J. HUMMEL, "        "

The plaintiffs contended that the said Daniel Zerbe, deceased, died intestate, and that the foregoing document was no valid will and testament, for the reasons that it devised nothing to any one, and because mere negative words are not sufficient to disinherit an heir; to effect this there must be an actual gift to some definite object.

The defendants, on the contrary, argued that the intention of the testator could be inferred from the words of the will, and that his intention was to devise all his property, both real and personal, to his sons Edward and Peter, his daughter Catharine, and the children of his deceased daughter, Mary Mull; and that even if this were not so, the last clause in the will, giving the executors the right "to sell the property and make it into money when they think fit to do so, or when it will bring the most money," operated as a devise to the executors of the premises in dispute, for the purposes of such conversion, and that the plaintiffs, therefore, could not recover.

The court, Walker, J., *inter alia*, charged :—

"The view we take of it is, that when the testator, after speaking of his estate, used the word 'property,' he meant all his real and personal property, and thereby empowered his executors to sell his real estate for the purpose expressed in his will. We therefore direct you to find in favor of the defendants."

Verdict for the defendants, and plaintiffs took this writ, assigning the foregoing portion of the charge and the direction of the court for error.

*Hughes & Farquhar*, for plaintiffs in error.—There is no bequest, gift or devise of anything to the parties named, and there is nothing

[*Zerbe v. Zerbe.*]

to show whether the testator's intention was to dispose of all or a part of his real estate, or all or a part of his personal property, and the will, therefore, is void for uncertainty : Kelley *v.* Kelley, 1 Casey 460 ; Wallize *v.* Wallize, 5 P. F. Smith 242.

If anything whatever passed, it must be wholly by implication, because of the second clause, viz. : " Item—my son Daniel and Jarrett and my daughter Sarah and Louisa's child Edward Hummel they shall have nothing of my estate, they have more now than their shairs come to."

These words do not import a testamentary disposition, and therefore cannot be construed into a devise : Houser *v.* Moore, 7 Casey 347 ; Duffield *v.* Morris, 8 W. & S. 348 ; Burford *v.* Burford, 5 Casey 221. Mere negative words in a will are not sufficient to exclude the title of the heir or next of kin : Hitchcock *v.* Hitchcock, 11 Casey 393. An heir can only be disinherited by express devise or necessary implication : McIntyre *v.* Ramsey, 11 Harris 317 ; Rupp *v.* Eberly, 29 P. F. Smith 141. No intention as against an heir can avail a devisee that is not expressed in the will : Brendlinger *v.* Brendlinger, 2 Casey 131. Where a devise is uncertain, the law adopts the principles of the intestate laws : Lipman's Appeal, 6 Casey 180. The court erred in their construction of the words " the property."

*John W. Ryon* and *F. W. Bechtel,* for defendants in error.—It is an established rule in the construction of wills that where it is evident the testator has not expressed himself as he intended to have done, and supposed he had done, and the defect is produced by the omission of some word or words, and where it is certain, beyond reasonable doubt, what particular words were thus omitted, they may be supplied by intendment, and the will read and construed as if those words had been written in the place or places where they were intended to have been : 1 Redfield on Wills 454, 455, 456 *et seq.,* c. 9, " Supplying Words ;" Covenhoven *v.* Shuler, 2 Paige 122 ; Deakens *v.* Hollis, 7 Gill & Johns. 311 ; Pickering *v.* Langdon, 22 Maine 429 ; Mellish *v.* Mellish, 4 Vesey 45, 48 ; McKeehan *v.* Wilson, 3 P. F. Smith 76 ; Abbott *v.* Middleton, 21 Beav. 143 ; Langston *v.* Pole, 2 M. & P. 490. The word estate in a will carries everything unless restrained by particular expressions : Turbett *v.* Turbett, 3 Yeates 187 ; Heffner *v.* Knepper, 6 Watts 21 ; Blewer *v.* Brightman, 4 McCord 60 ; A¹ her *v.* Deneale, 1 Peters 585 ; Jackson *v.* Babcock, 12 Johns. 380.

To use the language of the court below, " The word property is one of large signification and comprises things both real and personal. It is as extensive as the word ' estate,' and its use will authorize the selling of the testator's real estate, unless the word has become limited in its meaning by the use of the definite article. See Foster *v.* Stewart, 6 Harris 23, where the authorities are

[Zerbe *v.* Zerbe.]

reviewed and commented upon as to the extent of the word. The definite article, as used here, is evidently synonymous with 'my' and should be so construed."

The judgment of the Supreme Court was entered, March 26th 1877,

PER CURIAM.—We are all of opinion that judged *ex visceribus*, this will contains a sufficient devise and bequest of all the estate of the testator, to carry his real and personal property to the persons named in the will as his devisees and legatees. That Daniel Zerbe made what he himself terms his last will and testament appears by the written paper duly signed, sealed and witnessed, and by the witnesses attesting as such. That he intended to will his property to the persons named to take under the will, is not denied; but it is insisted that in fact he made no devise and bequest of his property. We do not agree to this statement. We have only to read the will in its own order, striking out the superfluous words which obscure the sense, and we have a sufficient and consistent disposition of his property. Thus: "I give and bequeath unto my sons Edward and Peter and my daughter Catharine and Mary's children in equal *shairs*, but to my sons Daniel and Jarrett and my daughter Sarah, and Louisa's child *nothing*, of my *estate*, they (viz., the last named) having more than their *shairs* would come to." Now, it is clear that the word "estate" belongs to the first clause of the sentence as much as it does to the last clause, and that the word "shares" in the first clause corresponds to the same word in the last clause, and both refer to the same estate. This is further strengthened by the fact that the second clause excludes the children named in it from the estate, and thus, by an irresistible conclusion, refers the estate therein named to the persons named in the first, to whom, by express words, the testator declares he gives and bequeaths. Then, if anything were wanting, the power given to the executors, immediately following, to sell the "property," makes the subject of the devise more manifest.

We think the court below gave a proper interpretation to the will, and therefore the judgment is affirmed.